Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONSERVATION NORTHWEST et al., | CASE NO. C08-1067-JCC |
| Plaintiffs, | **PARTIES' STIPULATION AND [PROPOSED] ORDER** |
| v. | |
| HARRIS SHERMAN et al., | |
| Defendants, | |
| and | |
| D.R. JOHNSON LUMBER COMPANY, | |
| Defendant-Intervenor. | |

**08-CV-01067-RPT**

Parties' Stipulation and [Proposed] Order
Case No. C08-1067-JCC

Western Environmental Law Center, 541-485-2471
1216 Lincoln Street, Eugene, Oregon, 97401

1  Plaintiffs Conservation Northwest et al., and Defendants Harris Sherman et al., hereby stipulate to and respectfully request that the Court order equitable relief as set forth in the Settlement Agreement attached as Exhibit 1 hereto, and enter a judgment of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2) pursuant to the following provisions:

    1. On July 11, 2008, Plaintiffs filed a complaint challenging the U.S. Forest Service and Bureau of Land Management's (collectively, "the Agencies") 2007 Supplement to the 2004 Supplemental Environmental Impact Statement to Remove or Modify the Survey and Manage Mitigation Measure Standards and Guidelines (the "2007 Supplement"), as well as the Records of Decision to Remove or Modify the Survey and Manage Mitigation Measure Standards and Guidelines from Forest Service Land and Resource Management Plans, and Bureau of Land Management Resource Management Plans, within the Range of the Northern Spotted Owl (the "2007 RODs"), issued by the U.S. Department of Agriculture and the U.S. Department of Interior.

    2. On December 17, 2009, this Court issued an opinion and order (Dkt. No. 65) that granted in part and denied in part Plaintiffs' motion for partial summary judgment on certain claims under the National Environmental Policy Act ("NEPA"), and granted in part and denied in part Federal Defendants' cross-motion for summary judgment regarding the 2007 Supplement and the 2007 RODs. This Court declined to issue a remedy at that time and directed the parties to confer as to case management for remaining issues in this case.

    3. Plaintiffs and Defendants have engaged in negotiations and agree upon provisions to settle the remainder of this case. The Parties' agreement is set forth in the Settlement Agreement that is attached as Exhibit 1 to this stipulation and order.

    4. The provisions of the Settlement Agreement and its attachment are incorporated herein by reference in this stipulation and order. The provisions of the Settlement Agreement shall be effective upon entry of an Order of this Court granting equitable relief and dismissing the claims pleaded in Plaintiffs' Complaint, or that could have been pleaded in Plaintiffs' Complaint, insofar as they concerned the legality of the 2007 RODs and 2007 Supplement, with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

    5. Consistent with Sections VI.G through VI.J of the attached Settlement Agreement

and the processes set forth therein, this Court shall retain jurisdiction of this action to resolve disputes between the Parties that may arise in the future regarding the provisions of the Settlement Agreement, and to consider and rule on any motions to modify or vacate such provisions. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

6. The provisions stipulated to by the parties and ordered by the court in *Northwest Ecosystem Alliance v. Rey*, No. 04-844-MJP (W.D. Wash. Oct. 11, 2006), shall remain in force. Other than the provisions in Sections I.C and III of the Settlement Agreement that reference the exemptions stipulated to by the parties and ordered by the court in *Northwest Ecosystem Alliance v. Rey*, No. 04-844-MJP (W.D. Wash. Oct. 11, 2006), no other terms or conditions in the attached Settlement Agreement apply to, or modify in any way, those exemptions.

7. The Court's Order granting equitable relief shall remain in effect unless and until the Agencies conduct further analysis and decision making pursuant to NEPA and issue a Record of Decision to supersede the Survey and Manage Mitigation Measure Standards and Guidelines.

Dated: March 4, 2011.                    Respectfully submitted,

/s/ Peter M.K. Frost
Peter M.K. Frost, *pro hac vice*
Attorney for Plaintiffs


/s/ Beverly Li
Beverly Li
Attorney for Defendants


Pursuant to the stipulation of the parties, IT IS SO ORDERED.

Date: March __, 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE